The document below is hereby signed.

Signed: September 16, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RONALD VINCENT THOMPSON, | ) | Case No. 10-00530 |
| SR., | ) | (Chapter 13) |
| | ) | **Not for Publication in** |
| Debtor. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S
MOTION TO AVOID LIEN PURSUANT TO 11 U.S.C. § 506
WITHOUT PREJUDICE TO THE FILING AN ADVERSARY PROCEEDING

The debtor has filed a motion to avoid Bank of America's junior lien on the debtor's real property located at 5148 South Dakota Avenue, Washington D.C, 20017, pursuant to 11 U.S.C. § 506.  According to the debtor's motion, the value of the debtor's property is no greater than $205,000, and Bank of America holds a note secured by a first deed of trust on the property in the amount of $239,500, and a note secured by a second deed of trust on the property in the amount of

$47,472.29.[1]  Because the balance due under the first deed of trust exceeds the value of the property securing the lien, the debtor seeks to avoid the second lien as wholly unsecured.[2] Although the court can permissibly determine the value of the property under 11 U.S.C. § 506 pursuant to a Rule 3012 motion, because the debtor's right to avoid Bank of America's junior lien requires the court to make a determination of the amount and

---

[1]  The debtor alleges that both of Bank of America's liens are secured by the debtor's real property located at 5148 South Dakota Venue, NE, Washington, DC 20017.  This is the debtor's address of record, and for purposes of disposing of this motion, the court will assume that the property in question is the debtor's principal residence, that the liens are secured only by the debtor's principal residence, and that the anti-modification provision of 11 U.S.C. § 1322(b)(2) thus applies.

[2]  Although the motion purports only to avoid Bank of America's junior lien, the proposed order submitted by the debtor also seeks a decree that Bank of America's claim is secured only in the amount of $205,000--the value of the collateral--and is otherwise wholly unsecured.  In effect, the debtor seeks to strip down the first lien to the value of the collateral by dividing the claim arising under the first deed of trust into a secured and an unsecured portion.
   A chapter 13 debtor is entitled to avoid a wholly unsecured junior lien on his principal residence, but the anti-modification provision of 11 U.S.C. § 1322(b)(2) bars the debtor from bifurcating an undersecured claim into a secured and unsecured portion. *See Nobelman v. American Savings Bank*, 508 U.S. 324 (1993).  Thus, to the extent the debtor is correct as to the amount and relative priority of Bank of America's liens, and because the first deed of trust remains partially secured, under *Nobelman* and in accordance with § 1322(b)(2), the entirety of the claim arising under the first deed of trust must be treated as secured.  The fact that the same lender holds both of the liens in question does not alter the application of *Nobelman*.  *See In re Lewis*, 419 B.R. 804 (Bankr. E.D. Mo. 2009) (bank's undersecured second lien was protected by the anti-modification provision of § 1322(b)(2), whereas its wholly unsecured third lien was subject to strip off).

relative priority of Bank of America's two liens, the debtor must seek to avoid the junior lien by way of an adversary proceeding, not by way of a motion filed in the main case.[3]  It is thus

ORDERED that the debtor's Motion to Avoid Lien (Dkt. No. 16) is DENIED without prejudice to the filing of an adversary proceeding seeking to avoid Bank of America's lien.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee;

Bank of America
101 South Tryon Street
Charlotte, NC 28255

The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD 21201

Bank of America, N.A.
P.O. Box 26012
NC4-105-03-14
Greensboro, NC 27420

Bank of America
NC1-022-03-01
100 North Tryon Street
Charlotte, NC 28255

---

[3] If Bank of America's alleged second lien in the amount of $47,472.29 turned out to be senior in priority to the lien in the amount of $239,500, the anti-modification provision of 11 U.S.C. § 1322(b)(2) would prevent the debtor from modifying either lien as the senior lien in the amount of $47,472.29 would be fully secured and the junior lien in the amount of $239,500 would be undersecured, but not wholly unsecured.